GEORGE BLESSING *vs.* JACOB HAPE and PETER ILER, Sen.

In the absence of any rule of court on the subject, a witness may be asked on cross-examination whether he was not at the time of trial engaged in a bitter controversy with, and did not entertain feelings of great animosity and hostility towards, the party against whom he testifies.

The situation of a witness with respect to the parties and the subject of litigation, his interest, his inclination and prejudices, and his means of obtaining knowledge of the facts, may be submitted to the jury to enable them to determine the value of his testimony.

APPEAL from the Circuit Court for Frederick county.

*Assumpsit* upon a promissory note for $100, executed by the appellees to the appellant. Plea, *non assumpsit.*

*Exception.* The plaintiff having proved the execution of the note, the defendants produced a witness who proved a payment by one of the makers of $85 on account of the note. This witness was cross-examined by the plaintiff's counsel and permitted to leave the witness' stand, and other witnesses were examined. The plaintiff's counsel then stated that in cross-examining the first witness he had omitted to ask him a question which he wished to ask, and saying that he desired to continue the cross-examination, called the witness to the stand and asked him "whether he was not now engaged in a bitter controversy with the plaintiff, and whether he did not entertain feelings of great animosity and hostility towards him?" The defendants objected to the admissibllity of this evidence and to the right of the plaintiff to put this question, which objection the court, (NELSON, J.,) sustained, and refused to allow the question to be put to the witness. To this ruling the plaintiff excepted and appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*William P. Maulsby* for the appellant, argued:

1st. That when the plaintiff once became entitled to cross-examine the witness, the right continued through all the subsequent stages of the cause. 1 *Greenlf. on Ev., sec.* 447. There is no rule which precludes a party from recalling for cross-examination a witness after it has been suspended, especially where it does not appear that an intention existed to take any undue advantage. 2 *H. & G.,* 136, *Morton vs. Beall.* And in this case the witness was recalled for the avowed purpose, without objection by either the court or the counsel for defendant. The objection was made only to the *question* when proposed.

2nd. That the question propounded was competent. The situation of the witness with respect to the parties and to the subject of litigation, his interest, motives, inclination and prejudices, are proper subjects of cross-examination. 1 *Greenlf. on Ev., secs.* 446, 447. A witness may be asked, on cross-examination, if he entertains feelings of hostility towards the party against whom he is called, and if he denies the fact, he may be contradicted by other witnesses. 1 *Greenlf. on Ev., sec.* 450.

No counsel appeared for the appellees.

TUCK, J., delivered the opinion of this court.

A much greater latitude is allowed in cross-examining witnesses than on the examination-in-chief. Rules of court are sometimes adopted by which the practice is confined to narrower limits than are allowed at common law. But, as the record in this case does not show that the question proposed by the appellant was irregular, in view of any rule of the court below, the correctness of its decision must be determined upon general principles.

We are not now to decide whether the witness, if he had answered in the negative, could have been contradicted, but merely whether the plaintiff below was properly refused per-

mission to ask the defendant's witness if he was not, at the time of the trial, engaged in a bitter controversy with him, and did not entertain feelings of great animosity and hostility towards him.

As tests for the discovery of the truth in the trial of causes, "the situation of the witness, with respect to the parties and to the subject of litigation, his interest, his inclination and prejudices, his means of obtaining knowledge of the facts," &c., may be submitted to the jury to enable them to determine the value of his testimony. 1 *Greenlf. on Ev.*, secs. 446, 450. 1 *Stark. Ev.*, 186, 190, *Ed.* 1842. In the case of *Harris vs. Tippett*, 2 *Camp.*, 637, a witness was asked, "whether he had not attempted to dissuade another witness, examined for the plaintiff, from attending the trial;" the court allowed the question to be put, but held that the plaintiff was concluded by his answer in the negative. And so where a party was indicted for stealing wheat, his counsel was allowed, on cross-examination, to ask the witness against him whether he had not been charged with robbing the prisoner, and "whether he had not afterwards said he would be revenged of him and would soon fix him in jail." Having denied both, it was ruled that his answer must be taken as to the charge of having robbed the prisoner, though he might be contradicted as to the words imputed to him. 2 *Camp.*, 638. Now, surely, if the witnesses in these cases had answered affirmatively, it would have shown a degree of prejudice and ill-will, calculated to impair the force of their evidence, and the questions could have been allowed on no other principle. Witnesses are constantly inquired of as to their relations to the party calling them, whether by blood or marriage, that the jury may weigh their evidence when rendered under the supposed influence of such relations. If the witness be asked as to his actual feeling towards the party against whom he is called, where nothing is left to inference, does not the reason that admits the testimony in the former class of cases apply with as much, if not greater, force to the latter mode of showing a bias on the mind of the witness? See also *Thomas vs. David*, 7 *C. & P.*, 350, in 32 *Eng. Com. Law Rep.*, 537.

5     v.8

This question was considered in the case of *Atwood vs. Welton*, 7 *Conn.*, 66, in which it was held to be "very clear that a witness, on his cross-examination, may be questioned as to his being in a controversy with the party against whom he testifies, and whether he has not threatened to be revenged on him. If he should answer affirmatively, it would show a bias on his mind which ought to be weighed by the jury in considering his testimony. To such a witness as full belief will not be readily yielded as to one who feels no such hostility." Daggett, Justice, said, that it had always been the practice in this country, and at common law, and that in forty years' experience he had never known it to be doubted; that there was hardly a point about which there could be less doubt.

It is not for this court to say what influence the fact, if proved, ought to have had with the jury, but of the right of the appellant to have his question answered we have no doubt, and must reverse the judgment.

*Judgment reversed and procedendo ordered.*