55  259
c130 • 117

JAMES CAMP, plaintiff in error, *vs.* HAMLIN & BARNUM, defendants in error.

1. The purchaser of goods at a stipulated price, who refuses to accept and pay for them according to his written contract, is liable to the seller, in damages for the difference between such price and the market value of the goods at the time and place fixed by the contract for delivery; and the seller, after a tender of the goods and a refusal by the purchaser to receive them, may, if they be perishable, expensive to keep, or likely to go out of season, sell them within a reasonable time, at auction, in the market of delivery, and the amount they bring will be evidence in ascertaining the damages.

2. But where it appears by a part of the evidence in the case that the actual value was equal to the price, the seller, in order to recover the difference between the price and a far less amount realized at auction, ought to show when and where the auction took place, what notice of it was given, how the sale was conducted, who were the purchasers of the various lots, and at what prices; or if any of these particulars are omitted in his showing, he ought to explain why the omission cannot be supplied. In respect to

the conduct and proceeds of the auction, he is in the position of a party accounting, and ought to account fully, and with reasonable particularity, by the production of satisfactory evidence on the trial.

Sales. Damages. Before Z. T. ODOM, Esq., Judge *pro hac vice.* Dougherty Superior Court. April Term, 1875.

Hamlin & Barnum brought complaint against James Camp on the following contract:

"DOUGHERTY COUNTY, Albany, April 29, 1873.

"I have this day bought of Hamlin & Barnum, Cumberland Nurseries, Edgefield junction, Tennessee, the following bill of trees, plants, vines, etc., to be delivered at Albany on the 19th of December, 1873:

\*      \*      \*      \*      \*      \*      \*      \*

"Upon the day of delivery of said trees, plants, vines, etc., I will pay to the order of Hamlin & Barnum the sum of $288 00 in cash, or proportionally thereto, according to the number and price of each kind sent. No countermands will be accepted. If not delivered as above specified, notice will be given of the time of delivery.

(Signed)                    "JAMES CAMP."

The declaration alleged that the plaintiffs tendered said trees, etc., in accordance with the terms of their contract, but the defendant refused to accept them, to their damage $500 00; that the plaintiffs' agent, J. Georgi, was at the city of Albany on December 19th, 1873, for the purpose of delivering said trees, etc., and of collecting the amount due for the same, and on account of the defendant's failing to comply with his contract, he was compelled to remain in said city forty-one days, at an expense of $2 00 per day; that in consequence of the defendant's conduct said trees, etc., were nearly a total loss to the plaintiffs, and were sold at auction for the small sum of $29 00.

The defendant pleaded the general issue.

Upon the trial of the issue thus formed, the plaintiffs introduced the contract sued on, and the deposition of Julius Georgi, to the following effect:

He sold the trees to the defendant, as the agent of the plaintiffs; he delivered the trees at the depot in Albany, on December 19th, 1873, in accordance with the contract; they were worth the price the defendant agreed to pay for them; the latter declined to take them from the depot, and witness went and "heeled" the roots and had them sold at auction; they brought $29 00; witness was compelled to remain in Albany forty days on this business, at an expense of $2 00 per day; notified the defendant that the trees were at the depot in Albany on the day they were to be there.

The defendant introduced no testimony. The jury found for the plaintiffs $186 38. The defendant moved for a new trial because the verdict was contrary to the law and the evidence and to the following charge of the court:

"If the contract was that the plaintiffs were to deliver a certain number of fruit trees in Albany, Georgia, for defendant, and the plaintiffs did ship them to the depot in Albany, Georgia, and notify defendant of their arrival, that was a complete delivery on the part of the plaintiffs, and, under the law, they were then the property of the defendant, and the plaintiffs had no right to go and retake them; and if they did, then the defendant is entitled to a deduction on their claim to the amount of the trees so taken, which value was their market value at the time they were so taken."

The motion was overruled, and the defendant excepted.

D. H. Pope, for plaintiff in error.

Strozer & Smith, for defendants.

Bleckley, Judge.

Fruit trees were sold by written contract, at a stipulated price, to be delivered at a certain place on a certain day, the price to be paid on delivery. They were tendered to the purchaser at the time and place, according to contract, and he declined to receive them. Thereupon the seller lingered forty days, and during that period sold them at auction. The tes-

timony shows that they were worth at the time of tender the price fixed by the contract, but the proceeds at auction amounted to only about one-third of that price. The mere fact is stated, in the evidence, that they were sold at auction and brought so much. The plaintiff should enter into a more full and minute accounting as to the auction, in order to use it as a final test of value. The views of the court are expressed in the head-notes.

Judgment reversed.