## HENRY C. WYETH vs. JOHN H. WALZL.

*Admissibility of Evidence—When objection to Evidence is too late—Impeachment of witnesses—Action by an Agent to recover money paid by him for his Principal in the purchase of land, part under a written, and part under a verbal authority—False representations—Subsequent ratification.*

The plaintiff having himself, proved the payment of a sum of money to a third person, where the mode of such payment was immaterial to the issue, the receipt for said payment was unnecessary to be produced, and inadmissible.

But the payment of the money having been denied at a later stage of the cause by the payee when testifying on behalf of the defendant, the receipt would then have been admissible in rebuttal.

Although there was error in its admission at the time it was offered, yet no injury having been done, such admission furnishes no ground for a reversal of the judgment of the Court below.

The plaintiff testified he had authority from the defendant to purchase the farm of M., and that he wrote to the defendant, that he could purchase it for $12.00 per acre, and desired to know if this would be satisfactory—and had received in reply from the defendant, a letter, which was then read to the jury to prove that the purchase was approved by the defendant. The plaintiff then offered to testify that the said letter was an answer to his letter concerning the M. property. The defendant thereupon objected to the admissibility of the letter, and the statement of the witness that said letter was an answer to his, about the M. property. The plaintiff's testimony had already gone to the jury, as to his having written a letter, to which the defendant's letter was an answer, and the defendant's letter had been read to the jury. HELD:

That under these circumstances the objection was taken too late.

The defendant produced witnesses to impeach the plaintiff as a witness. The plaintiff was then called to prove that he had a personal difficulty

Wyeth *vs.* Walzl.

with the witnesses about the building of some houses which resulted in a law suit. On objection to the admissibility of his evidence, it was HELD:

That it was competent for the plaintiff to prove that the impeaching witnesses were totally unworthy of credit, which he might show by general evidence as to their character for truth; or to show the *animus* of the witnesses he could prove they were prejudiced, were on bad terms with the plaintiff, or had a difficulty with him, or a law suit or any other condition of the witnesses, without going into unnecessary particulars, showing their interest, bias, or inclination, so as to enable the jury from a proper consideration of all such circumstances to estimate the value of their testimony.

Where the plaintiff paid money for the defendant on a purchase of land he had made for him by his authority, he can recover it back if the defendant expressly or impliedly authorized its payment.

Where the defendant in writing authorized the plaintiff to purchase the property from McK. part to be paid in cash, any payments thereon made by the plaintiff were strictly within his authority, and imposed an obligation upon the defendant to repay him, and he could recover for such advances without any other request.

Any advances made by the plaintiff on the purchase of land for the defendant under a verbal authority from him, if within the scope of his agency in the purchase of the property and enuring to the benefit of the defendant, must be presumed to have been made by his request, and impose an obligation upon him to refund the same to the plaintiff.

If the plaintiff made false representations to induce the defendant to purchase the property, yet if the plaintiff had paid money on the purchase, and the defendant after he had full knowledge of all the facts, ratified the purchase and what the plaintiff had done, and claimed the benefit of the same, such false representations would be no bar to an action by the plaintiff to recover what he had advanced to secure the purchase to the defendant.

APPEAL from the Superior Court of Baltimore City.

This was an action on the common money counts brought by the appellee against the appellant, to recover for money expended by the plaintiff as agent for the defendant in the purchase of certain lands for the latter.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—The plaintiff, to maintain the issue on his part further testified, that he had a verbal authority

from the defendant to purchase the farm of Simon Mahoney, which also immediately adjoined Chancellorsville, just purchased by the defendant from the plaintiff, and that the plaintiff wrote to the defendant, who was stopping at the Fifth Avenue Hotel in the City of New York, that he could purchase said land from Mahoney at $12 per acre, and desired to know if this would be satisfactory, and he received from the defendant in answer to said letter the following letter:

Fifth Avenue Hotel,
New York, Oct. 3rd, 1873.

John H. Walzl,

Dear Sir:—Your kind letter duly to hand, and its contents meets my approbation. I expect to return home early next week, and will examine into the matters and close up same. You, as I understand, have done everything for me at Chancellorsville as if I had been there myself. I will some day return this great favor. Please endeavor to let your family remain in charge of Chancellorsville until I return, or Mr. Stow, in our rear of store, goes and takes possession. I am pleased with your new purchase at $12, and have again to sincerely thank you for your kindness and attention to my interest, and hope your family will remain until I get home.

Most respectfully yours,
H. C. Wyeth.

P. S.—Our friends Thomas & Baker, have entered suit; I wish them joy; gladly will I meet such characters before the bar of justice, and the world will better know them, and avoid any business.

Yrs., H. C. W.

This letter was read to the jury to prove that the purchase was approved by the defendant. The plaintiff then offered to testify that the said letter of the defendant was

in answer to his letter concerning the Mahoney property; to this letter and testimony the defendant objected, but the Court (DOBBIN, J.,) overruled the objection, and the defendant excepted.

*Third Exception.*—Stated in the opinion of the Court.

*Fourth Exception.*—The defendant offered four prayers, the first and second of which were conceded, the third and fourth were as follows:

3. That unless the jury shall believe from the evidence that the money claimed by the plaintiff from the defendant for advances made to William McKennedy and to Mahoney, was actually paid by the plaintiff to said McKennedy and said Mahoney upon the request of the defendant, the plaintiff cannot recover for such alleged advances.

4. Even if the jury believe from the evidence in the cause that the defendant ordered the plaintiff to purchase certain lands in Spottsylvania County, in the State of Virginia, of William McKennedy, and shall further believe that the defendant requested the plaintiff to pay the said William McKennedy the sum of two hundred dollars on account of said purchase, and that in pursuance of said order and request the plaintiff bought said lands and paid said sum of money to said William McKennedy, yet the plaintiff cannot recover for such payment from the defendant if the jury believe that the plaintiff induced the defendant to give said order and request said payment, by falsely representing to him that over one hundred acres of unclaimed land lay between the lands of the defendant and the lands of the said William McKennedy, and that the lands of the latter were improved by a good residence, stabling, a large orchard and fenced fields.

The Court refused to grant the third prayer, being of opinion that the authority to purchase the property offered in evidence, implied a request to do whatever act might be necessary (not in violation of the terms of said autho-

rity) to carry it into effect, and that the payment of a part of the purchase money, to be accounted for in the cash payment, was a reasonable exercise of his duty under the authority.

And refused to grant the fourth prayer because there was evidence from which the jury might find that after the defendant ascertained the truth with reference to said property, he accepted said property by exercising acts of ownership over the same.

To the refusal of the Court to grant said prayers, the defendant excepted. The jury rendered their verdict for the plaintiff, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*C. D. McFarland*, for the appellant.

*Fielder C. Slingluff*, for the appellee.

STEWART, J., delivered the opinion of the Court.

The plaintiff, a witness for himself, testified that under the written authority (which was produced and read in evidence,) given him by the defendant, he made a written contract, (which was read in evidence,) with Wm. McKennedy, for the purchase of his farm, for the defendant,—that his wife, on his account, paid to McKennedy, on the purchase, two hundred dollars, and took from him the following receipt:

CHANCELLORSVILLE, VA.

Received of Aug. A. Walzl, wife of J. H. Walzl, agent for H. C. Wyeth, the sum of two hundred dollars, as earnest money, on the sale of my place as described.

$200.                                WM. McKENNEDY.

The defendant's counsel objected to the reading of the receipt to the jury.

The objection was overruled, and that is the ground of the first exception.

The plaintiff himself had proved the payment of the two hundred dollars, and the mode of its payment was not material, and the production of the receipt on the part of the plaintiff was unnecessary, and a majority of the Court think it was not admissible in that stage of the trial; but when the payment of the amount testified to by the plaintiff, was denied in the further progress of the case, by McKennedy, the defendant's witness; all of the Court are agreed, it would have been competent for the plaintiff to have offered the receipt, by way of rebutting the defendant's testimony.

Although there was error, in its admission at the time it was offered, it is the unanimous opinion of the Court, no injury was done to the defendant, and furnishes no ground for the reversal of the judgment.

In the second exception, the plaintiff testified he had authority from the defendant to purchase the farm of Mahoney, and that he wrote to the defendant at the City of New York, that he could purchase it at $12 per acre, and desired to know, if this would be satisfactory—defendant's letter in reply was then read to the jury, to prove his approval. Plaintiff then offered to testify, that the said letter was an answer to his letter concerning the Mahoney property; defendant's counsel objected to the admissibility of defendant's letter, and the statement of the witness, that that letter was in answer to his about the Mahoney property. His testimony had already gone to the jury, as to his having written a letter to which defendant's letter was an answer, and defendant's letter had been read to the jury. Under such circumstances, it was too late to make the objection. We do not see that there was any necessity of further proof on that subject, on the

part of the plaintiff, or that the defendant was injured by the ruling, or any ground for reversing the judgment, on that account.

The defendant produced witnesses to impeach. the plaintiff as a witness. Plaintiff was then called to prove that he had a personal difficulty with the witnesses about the building of some houses, which resulted in a law suit. The defendant's counsel objected to its admissibility, but the Court admitted the proof; and this is the ground of the third exception. It was competent for the plaintiff to prove that the impeaching witnesses were totally unworthy of credit. This he might show by general evidence as to their character for truth ; or to show the *animus* of the witnesses, he could prove they were prejudiced—were on bad terms with the plaintiff, or had a difficulty with him, or a law suit, or any other condition of the witnesses, without going into unnecessary particulars, showing their interest, bias or inclination, to enable the jury from a proper consideration of all such circumstances, to estimate the value of their testimony.

This appears to be reasonable, regarding the force and effect of human testimony. *Blessing vs. Hape, et al.,* 8 *Md.,* 33. There was no error in this exception.

The refusal of the Court to grant the third and fourth prayers of the defendant, constitute the fourth exception. These prayers refer to all the evidence in the case.

The third prayer assuming that the plaintiff had paid money for the defendant on the purchase he had made for him by his authority, yet it affirmed the proposition it could not be recovered, unless the defendant had requested its payment. It could be recovered if the defendant expressly or impliedly authorized its payment.

The defendant by the written paper of August 25th, 1873, had authorized plaintiff to purchase the property from McKennedy, part to be paid in cash. Any payments thereon made by plaintiff were strictly within his autho-

rity, and imposed an obligation upon the defendant to repay him, and he could recover for such advances without any other request.

Any advances plaintiff made on the purchase of the property of Mahoney, for defendant, under the verbal authority from him, were within the scope of his agency in the purchase of the property, and enured to the benefit of defendant, and must be presumed to have been made by his request, and imposed an obligation upon him to refund the same to the plaintiff.

The fourth prayer was objectionable, in undertaking to refer to certain items of the testimony, omitting others equally necessary to be considered by the jury; and asking an instruction thereon, which would have given to the jury a partial view of the evidence introduced and applicable to the issues, they were to determine.

There was proof by McKennedy, defendant's witness, that defendant came to see the property, and was satisfied with the purchase, and said every thing was as represented.

If the plaintiff had made false representations, as described in the fourth prayer, to induce defendant to purchase the property; yet if the plaintiff had paid the money on the purchase, and the defendant after he had full knowledge of all the facts, ratified the purchase and what plaintiff had done, and claimed the benefit of the same, there would seem to be no justice in his refusal to pay the plaintiff what he had advanced, to secure the same to the defendant.

We find no error in the refusal of these prayers.

*Judgment affirmed.*