## SAMUEL W. REGESTER vs. HENRY S. REGESTER.

*Sales—Re-Sale by Unpaid Seller—Measure of Damages—Good Faith in Making Re-Sale—Reasonable Diligence a Question of Law—Cross-Examination of Witness to Show Bias—Admissibility of Evidence.*

When the buyer of goods refuses to pay the price after demand made, the unpaid seller may re-sell the goods, after notice to the buyer and recover from him the difference between the contract price and the re-sale price, together with interest in the discretion of the jury.

When such re-sale is made at public auction the unpaid seller is entitled also to recover the costs of making the same.

If the unpaid seller in a contract of sale where the buyer is in default elects to re-sell the goods at the buyer's risk he must act with due diligence. In this case the re-sale was twice advertised in a newspaper to take place at public auction, and the buyer had notice of the time and place of sale and made no objection thereto. In an action to recover the difference between the contract price and that obtained upon the re-sale, the buyer pleaded that there had been a want of good faith and reasonable diligence in the conduct of the sale. *Held*, that the burden of proving these allegations is upon the defendant; that there is no legally sufficient evidence to impeach the fairness or regularity of the sale, and that the mere fact that bad feeling had existed between the plaintiff and defendant does not tend to show misconduct in the matter of the sale.

Whether an unpaid seller has exercised reasonable diligence in the conduct of a re-sale upon the default of the buyer is a question of law for the Court on facts to be found by the jury.

When the facts as to which a witness has testified are undisputed or admitted, he cannot on cross-examination be asked questions tending to show that he bore ill will towards the opposite party or that they had been on bad terms.

When there is no evidence to show that a contract of sale had been rescinded by the consent of both parties, testimony is inadmissible to show that the seller had offered to dispose of the subject-matter to third parties, as evidence of rescission.

In an action by the seller of goods to recover from the buyer the dam-

ages suffered upon.a re-sale, evidence is inadmissible to show that the seller had advised anybody, about the time of the re-sale, not to lend money to the defendant.

*Decided June 15th, 1906.*.

Appeal from the Court of Common Pleas (SHARP, J.)

. In the twenty-fifth exception the question ruled out was:

Q. State whether or not your brother Henry, to your knowledge, advised anybody not to lend you money, or not to lend the Regester Company, at or about the time of the advertisement of the sale of this stock?

*Plaintiff's 2nd Prayer.*—If the jury find that the plaintiff and defendant executed the contract offered in evidence and that the defendant paid $5 on account of purchase money as therein set forth and $500 on June 22nd, 1903, that after the lapse of thirty days. from that date plaintiff's agent saw defendant and notified defendant of plaintiff's readiness to deliver said stock upon payment of the balance due by the terms of said contract and that defendant then and there declared his inability to pay said balance and that on or about July 24th, 1903, plaintiff notified defendant that said stock would be sold at defendant's risk, at public auction, at the store of Pattison & Gahan, on August 3rd, 1903, and that plaintiff advertised said sale in the "Sun," a daily newspaper, as stated in the evidence, and that their notice of sale was fair and reasonable and that at the hour and place mentioned in said advertisement on August 3rd, 1903, plaintiff sold said stock at public auction to W. C. Smith for $1,900, and if they find that said sum was the highest price the plaintiff could obtain at said auctiion sale, and that the plaintiff in making said sale acted with fairness and in good faith and that the cost of advertising said sale and commissions of the auctioneer amounted to $91.60 and were paid by the plaintiff, then their verdict must be for the plaintiff for the balance due on said contract price of $10,000, after deducting the sum of $2,405 received by the plaintiff on account as aforesaid and adding thereto said sum of $91.60.  (*Granted.*)

*Plaintiff's 3rd Prayer.*—That if the jury find a verdict for the plaintiff they may include therein interest at the rate of six per cent from August 4th, 1903, to the date of their verdict, on the sum they find to be due to the plaintiff by the defendant. (*Granted.*)

*Defendant's 1st Prayer.*—Unless the jury believe from the evidence that in selling the shares of stock mentioned in the evidence, the plaintiff in good faith used reasonable diligence and reasonable skill to sell the same in such manner as to obtain the best price therefor, the verdict must be for the defendant. (*Refused.*)

*Defendant's 2nd Prayer.*—After the defendant refused or neglected to pay for the stock agreed to be purchased by him from the defendant, it was the duty of the plaintiff to obtain the best price he could for said stock and before proceeding to sell the same at public auction, to exercise reasonable skill and reasonable diligence in ascertaining whether, by a sale at public auction, he could secure the best price for said stock; and if the jury believe that the plaintiff failed to perform his duty in this regard, the verdict must be for the defendant. (*Refused.*)

*Defendant's 3rd Prayer.*—The uncontradicted evidence showing that the plaintiff, by his conduct, rescinded the contract for the sale of the stock mentioned in the evidence, the verdict of the jury must be for the defendant. (*Refused.*)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER and BURKE, JJ.

*Wm. Colton*, for the appellant.

The question presented by the ruling excluding evidence tending to show the bias of the plaintiff when the question of his credibility as a witness was involved, appears to us to be a very plain one. It is a fundamental rule that any one called as a witness may be impeached by the opposite party, both on cross-examination and by direct proof tending to show bias, or interest on his part. 1 *Greenl. Ev.*, sec. 450; *Best Ev.*, sec. 644; *Wise* v. *Ackermau*, 76 Md. 375, 392–4.

The fact that the witness and the party against whom he testifies were on bad terms may be shown. *Wyeth* v. *Walzl,* 43 Md. 426, 432.

Declarations of the witness made out of Court showing bias or hostility are always admissible. *Day* v. *Stickney,* 14 Allen, 255.

In regard to the proposition here involved, this Court has expressed itself repeatedly in no uncertain terms. As was said in an early case, "there is hardly a point upon which there can be less doubt." *Blessing* v. *Hape,* 8 Md. 31, 34.

It is also confidently claimed that the learned Court below was clearly wrong in absolutely excluding all evidence tending to show bad faith on the part of the plaintiff in disposing of the stock in question at a price far below its conceded value and then seeking to amerce the defendant with the difference. It seems like very mockery that the jury should be asked to find, as was done by the prayer granted at the instance of the plaintiff, whether the plaintiff "acted with fairness and in good faith," and yet every particle of proof tending to show want of fairness and good faith be rigidly excluded. It is, indeed, a peculiar view under which all evidence on the part of the defendant in a case tending to show the real nature of the transaction between him and the plaintiff must be regarded as "irrelevant" and "immaterial." The contract between the parties, it is true, is under *seal,* and a seal is a mighty thing in law, but hardly of such talismantic import as to enable the lucky owner absolutely to suppress all inquiry into the truth and justice of his claim when fraud is relied on to vitiate it.

The action of the plaintiff amounted to a rescission of the contract between the parties, and the defendant's prayer to this effect should have been granted. *Young* v. *Mertens,* 27 Md. 114; *Davis Sulphur Co.* v. *Guano Co.,* 109 Ga. 607.

There was error in refusing the defendant's first and second prayers. In case of a re-sale by a vendor he must act in entire fairness and good faith so as to obtain the value of the property. *Bagley* v. *Findley,* 82 Ill. 521; *Camp* v. *Hamlin,* 55 Geo. 259; *Brownlee* v. *Bolton,* 44 Mich. 218; *Clews* v. *Jameson,* 182 U. S. 498.

*Thos. C. Ruddell* and *Henry Duffy* (with whom was *Charles H. Behn* on the brief), for the appellee.

Where, on a contract for sale, the vendee fails to comply with its terms, the vendor has his choice of three remedies:

1. He may store the goods for vendee and sue for the contract price.

2. He may keep the goods as his own and sue for difference between contract price and market price at time and place of delivery.

3. He may sell the goods at vendee's risk and sue for difference between contract price and re-sale price.

The plaintiff in this case adopted the third remedy. This remedy is sustained by all the authorities on this subject in this country. *Sands* v. *Crump*, 5 John. 397; *Clews* v. *Jameson*, 182 U. S. 496; *Pratt* v. *Co.*, 115 Wis. 654; *Hamilton* v. *Fennegan*, 117 Ia. 627; *Worgley* v. *Cornelius*, 162 Ill. 96; *Moore* v. *Potter*, 155 N. Y. 486; *Mason* v. *Decker*, 72 N. Y. 599; *Mechem on Sales*, secs. 1621–1650; *Benjamin on Sales*, 7th Am. ed., ch. 3, p. 815, and Am. note, p. 826; *Young* v. *Mertens*, 27 Md. 126.

Price obtained at the re-sale is conclusive on the defendant if the sale is regular, and after notice. *Davis Ore Co.* v. *Atlanta Co.*, 109 Ga. 608; *Pratt* v. *Co.*, 115 Wis. 654; *Mechem on Sales*, sec. 1643.

In making re-sale, in absence of instruction from defendant, plaintiff has a right to exercise his discretion within reasonable bounds. *Smith* v. *Pettee*, 70 N. Y. 18; *Ackerman* v. *Rubens*, 167 N. Y. 409; *Penn* v. *Smith*, 98 Ala. 565; *Mechem on Sales*, sec. 1640.

Plaintiff must be judge of time and place of re-sale provided he act in good faith and with care and diligence. *Dustin* v. *McAndrews*, 44 N. Y. 79; *Moore* v. *Potter*, 155 N. Y. 487. This latter case shows that the term good faith in this class of cases is equivalent to due care and diligence.

In exercising this remedy plaintiff has right to recover costs of auction sale. *Mechem on Sales*, sec. 1643; *Pollen* v. *Leroy*, 30 N. Y. 556; *Bagley* v. *Findley*, 82 Ill. 526.

Some of the authorities hold that notice to defendant of re-sale is unnecessary.   See *Benjamin on Sales*, p, 826; *Mechem on Sales*, sec. 1633.   In this case defendant admitted he saw advertisement of sale in the newspaper.

And testimony of plaintiff shows that notice was mailed to defendant on July 24th, 1903, though defendant denies re-ceiving it.   The mailing of this letter is *prima facie* evidence of service of notice.   It was for the jury to determine whether or not the letter containing this notice was received by de-fendant.  *Bank* v. *Raney*, 77 Md. 326.

As to the testimony offered for the purpose of showing bias of Henry S. Regester and impeaching his credibility.   A consideration of the evidence will show that the whole of his testimony might have been eliminated from the case or re-jected by the jury, and still the case of the plaintiff was sus-tained by the testimony of the plaintiff's other witness and the defendant.   No fact was testified to by him which was not admitted by defendant.   *B. & O.* v. *State*, 79 Md. 347.

There is a marked analogy between the case at bar and cases of sales under mortgages and deeds of trust containing power to sell.   In these cases this Court has said that sales of this kind are not to be impeached by slight circumstances. It requires good and substantial grounds to justify the Court in setting them aside when regularly made.   Bad faith or negligence on the part of the trustee will not be presumed, but on the contrary the presumption is that he has discharged his duty faithfully, and that presumption prevails until it is made to appear otherwise by those seeking to impeach the sale.  *Stirling* v. *McLane*, 103 Md. 47; *Bank* v. *Lanahan*, 45 Md. 410.

Such testimony was necessary to enable the defendant to sustain his charges of lack of diligence and good faith in making the re-sale.   No such testimony was offered; and it was because of failure on defendant's part to assure the Court that such testimony *would be offered*, which caused the rejec-tion of testimony proposed in above exceptions.

Authorities heretofore cited show that plaintiff had a legal

right to sell the stock for the pupose of establishing the value of it, and also to liquidate the damages to which he was entitled.    Clearly, therefore, an offer of evidence to take an option on the stock was inadmissible.    Even evidence of an offer to, purchase would have been inadmissible.    *Western Union Tel. Co.* v. *Ring*, 102 Md. 677; *Roberts* v. *Boston*, 149 Mass. 354; *Co.* v. *Gluck*, 45 Minn. 463; *Wood* v. *Fireman's Co.*, 126 Mass. 319; *Co.* v. *Orr*, 8 Kas. 424; *Fowler* v. *County Com'rs.*, 6 Allen, 96.

The defendant's prayers should have been rejected because they ignored the testimony of defendant that he gave plaintiff no instructions concerning the manner of conducting sale, and after seeing advertisement in the paper, he instructed Mr. W. C. Smith, secretary of the company (and his attorney in this case in the lower Court), to attend the auction and purchase the stock for the company, which Mr. Smith did.

There is no evidence in this case tending to show that something was done in conducting the auction sale which amounted to a fraud or irregularity, which was unknown to defendant until after the auction sale had been consummated. These facts constituted an estoppel against the defendant to dispute the validity of the sale.    In cases of sales or foreclosure of mortgages containing power to sell and of sales by sheriffs on execution, it has been held that where a party attends the sale and bids the property in, he is estopped from disputing the validity of the. sale.    *Rogers* v. *Barnes*, 169 Mass. 184; *Fuller* v. *O'Neal*, 82 Tex. 423; 28 *Am. & Eng. Ency.*, 784; *Youngblood* v. *Cunningham*, 38 Ark. 579; 25 *Am. & Eng. Ency.*, 800, 802; *Lane* v. *Cameron*, 36 La. Ann. 777: *Hopper* v. *Hopper*, 79 Md. 403.

The first and second prayers of defendant were properly rejected, because they submit to the jury a question of law— *diligence.    Ewalt* v. *Harding*, 16 Md. 170; *Boyer* v. *Turner*, 3 H. & J. 287; *Co.* v. *Hungerford*, 6 G. & J. 293, 297; *Crawford* v. *Berry*, 6 G. & J. 70.

To have instructed the jury to find diligence *vel non* without informing them what facts amounted to diligence or lack

of diligence, would have misled them.  *Courtney* v. *Knabe*, 97 Md. 533.

BURKE, J., delivered the opinion of the Court.

On the 9th of May, 1903, Henry S. Regester and Samuel W. Regester entered into a contract under seal in which the obligations of the respective parties thereto were expressed as follows: That the said party of the first part (Henry S. Regester) does hereby bargain and sell unto the said party of the second part (Samuel W. Regester), and the latter does herewith purchase from the former two hundred shares of the capital stock of the J. Regester Sons Co., now standing on the books of the said company in the name of the said party of the first part, at and for the sum of ten thousand ($10,000) dollars, the same being at the rate of fifty ($50) dollars per share, of which sum five dollars have been paid prior to the signing hereof, and the balance is to be paid in cash at any time within thirty days from above date, upon the delivery of said stock of said company to the party of the second part.

Upon the expiration of the period limited in the contract for the payment of the purchase price of the stock, the vendee was unable and failed to make payment, but subsequently, on the 22nd of June, 1903, he paid on account of the purchase the sum of five hundred dollars, and the time within which he might pay the balance was extended for a further period of thirty days. After this new period of extension had expired, and Samuel W. Regester having failed and neglected to pay for the stock, the vendor, Henry S. Regester, advertised and sold the stock by public auction at the salesroom of Pattison & Gahan, auctioneers, in the city of Baltimore. The stock was bought at the sale for the J. Regester Sons Company by William C. Smith its secretary for the sum of nineteen hundred dollars. The expenses attending the making of the sale were one hundred and ninety-one dollars and sixty cents, and the total net proceeds derived from the sale were eighteen hundred and eight dollars and forty cents. Samuel W. Regester having paid on account five hundred and five

dollars, the difference between the contract price and the net amount realized from the sale of the stock was seven thousand six hundred and eighty-six dollars and sixty cents, for which sum the vendor sued the vendee in the Court of Common Pleas, and recovered a judgment for the full amount. The appeal in this case was taken from that judgment.

The record contains twenty-seven bills of exceptions—twenty-six of which present questions as to the admissibility of evidence, and the twenty-seventh was taken to the ruling of the Court upon the prayers. The declaration contains three counts, but the case was tried upon the third count—the first and second counts having been excluded from the consideration of the jury by the granted fourth prayer of the defendant. A demurrer, which was overruled, was filed to the third count. This demurrer was not discussed in the brief, or argument of the appellant's counsel, and as we see no valid grounds of objection to the count, the demurrer will not be further alluded to.

In order to pass intelligently upon the numerous exceptions, it will be necessary first to understand the precise issues raised upon the pleadings; secondly, the rights and obligations of the respective parties under the contract; thirdly, the evidence introduced, and fourthly, the nature and character of the testimony which was offered by the appellant and which the Court refused to admit—the exclusion of which constitutes the ground of twenty-six exceptions, and to determine whether there was reversible error in the refusal of the Court to admit the proffered testimony.

The third count is based upon the writing obligatory executed by the parties on the 9th day of May, 1903. It alleged that by this contract the plaintiff sold to the defendant, and that defendant purchased from the plaintiff the stock therein mentioned for the sum of ten thousand dollars, of which five dollars were paid by the defendant on account of the purchase price at the time of the execution of the contract; that the defendant agreed to pay the balance of the purchase money in thirty days thereafter; that the thirty days expired, and the

defendant paid to the plaintiff five hundred dollars on the purchase price, and refused to pay the balance, although the plaintiff was willing and ready to perform his part of the contract. It is then alleged that, "after due notice to the defendant and after due advertisement thereof, the plaintiff sold said two hundred shares of stock at public auction for the sum of nineteen hundred dollars."

The defendant pleaded three pleas in confession and avoidance. . The first avers that, after the execution of the contract mentioned in the declaration, the plaintiff rescinded the same; the second alleged that after the failure of the defendant to take and pay for the stock in the declaration mentioned, the plaintiff went through the form of selling same, and that in conducting said sale the plaintiff did not, in good faith, endeavor to obtain for said stock the best price he could; and in the third plea it is averred that the plaintiff did not sell the stock, mentioned in the declaration, for the best price which he could, by acting in good faith, and with reasonable diligence have obtained for the same. The plaintiff traversed these pleas, and issues were joined. The legal effect of the defendant's three pleas was the confession, or admission upon the record of every fact alleged in the declaration. The distinct and only defense raised by the pleas were the rescission of the contract; bad faith in the conduct of the sale by the plaintiff; and want of good faith and reasonable diligence in the sale of the stock in consequence whereof he did not sell the stock for the best price he might have obtained.

In this connection in might be proper to notice some of the exceptions to the testimony. Where a witness testifies upon a controverted fact, it is always competent for the opposite party, in order to affect his credibility and to enable the jury to determine the value and weight to be given his evidence, on cross-examination to show the bias, prejudice, bad feeling, or hostility of the witness. Mr. Greenleaf in his I vol. on *Evidence* (7th ed.), sec. 446, says that: "The power of cross-examination has been justly said to be one of the principal, and it certainly is one of the most efficacious tests, which the

law has devised for the discovery of truth. By means of it the situation of the witness with respect to the parties, and to the subject of litigation, his interest, his motives, his inclination, and prejudices, his means of obtaining a correct and certain knowledge of the fact to which he bears testimony, the manner in which he has used those means, his power of discernment, memory and description are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he has testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight and value of his testimony. It is not easy for a witness, who is subjected to this test, to impose on a Court, or jury; and however artful the fabrication or falsehood might be, it cannot embrace all the circumstances to which a cross-examination may be extended." This right to interrogate the witness on cross-examination as to the matters mentioned by Mr. Greenleaf has never been denied in this State, when the testimony of the witness upon any material point was disputed. It was recognized in the case of *Blessing* v. *Hape*, 8 Md. 31, and many other cases. In *Wyeth* v. *Walzl*, 43 Md. 432, it was held that it was competent to show that a witness who had testified in the case was prejudiced, or was on bad terms with the plaintiff, or had a difficulty with him, or a law suit, or any other condition of the witness, without going into unnecessary particulars, showing his interest, bias or inclination, to enable the jury upon a proper consideration of all such circumstances, to estimate the value of his testimony.

We do not mean to impair or lessen or restrict the authority of these cases. However proper and unobjectionable many of the interrogatories may be, considered as abstract questions, so far as they were designed to impeach the credit of the witness, they were manifestly inadmissible, *in this case*, because no attempt or offer was made to contradict any fact testified to by Henry S. Regester, and besides every fact necessary to make out a *prima facie* case for the plaintiff had been admitted by the defendant's pleas. In *B. & O. R. R.*

Co. v. State, use of Strunz, 79 Md. 347, it was said: "It has been almost universally held that neither the admission nor the exclusion of testimony, when it does not appear to have affected the result, or prejudiced the appellant, will be regarded as sufficient ground for reversal."

It was admitted that the following advertisement of the sale of the stock appeared in the Baltimore "Sun" on July the 24th, 31st, and August the 3rd, 1903, viz.: "Auction sale of two hundred shares of the capital stock of the J. Regester Sons Company. The undersigned will sell by public auction, at our salesroom, No. 7 East Lexington street, on Monday, 3rd day of August, 1903, at noon, for account of whom it may concern, two hundred shares of the capital stock of the J. Regester Sons Company, each share of the par value of one hundred dollars. Terms cash. T. C. Ruddell, 202 North Calvert street, Charles H. Behn, Union Trust Building, attorneys. Pattison & Gahan, auctioneers."

It is also admitted that the defendant saw the notice of sale, and talked with Mr. Ruddell about the same, and that he offered no instructions as to the mode or manner of selling the stock, but sent Mr. Smith to the sale, who bought the stock for the company by his instructions. The plaintiff's evidence tending to show that demand was made, after default, upon the defendant for the payment of the purchase price before the stock was advertised for sale; that at the time of this demand the stock was produced and tendered to the defendant; that the sale was regularly and fairly made, and that Mr. Ruddell, plaintiff's attorney, was instructed by him "to conduct the auction sale in an honest manner, and to get all the money he could for the stock and that he, the plaintiff, tried to conduct the sale in good faith."

There was no fact testified to by the defendant, or by any of his witnesses to impeach the fairness, or regularity of the sale, or to show the slightest misconduct on the part of any one connected with the sale. The burden was upon the defendant to sustain his pleas by clear and satisfactory proof. Bad faith, misconduct, or negligence in the discharge of duty

is never presumed, but must be proved.    The presumption is that the person charged with the performance of duty has discharged that duty honestly and faithfully.    There were no facts, or circumstances in the case legally sufficient to sustain the defense set up by the defendant's second and third pleas, and the jury would not in our opinion have been justified in finding for the defendant on those pleas from the mere fact that bad feeling existed between him and his brother of the kind sought to be introduced in the testimony.    Great latitude, it is true, is allowed upon cross-examination, and the course of the examination from the necessity of the case must be directed and controlled in a large measure by the good sense and sound discretion of the presiding Judge, and his rulings will not be disturbed, unless it appears that some injustice or injury has been done.

It follows from what we have said that the offers of testimony contained in the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, ten and a-half, eleventh, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth exceptions were properly refused.    The twelfth and thirteenth exceptions relate to the refusal of the Court to permit the defendant to prove that at some indefinite time the defendant tried to get an option on the stock.    This was wholly irrelevant to the issues, and was rightly excluded.    The fourteenth exception relates to the exclusion of the deposition of the witness, Monroe.    This testimony could only have been offered upon the theory that it tended to show that the contract had been rescinded.    A valid contract having been made, and there being no allegation of fraud or misrepresentation it could not be rescinded or set aside except by the consent of both parties to it.    *Wheeler* v. *R. R. Co.*, 115 U. S. 34.

The objections to the twenty-first and twenty-second exceptions were properly sustained.    It was not contended that there had been a mutual mistake in the execution of the contract, and besides the defendant had recognized it as a binding obligation by the payment of a large sum in part performance of the contract.    For these, and other reasons, it was the duty

of the Court to refuse to admit the testimony. There was no error in the ruling on the twenty-fifth and twenty-sixth exceptions. In the first offer of testimony no definite fact was proposed to be proved. The question was too general, and left the witness at liberty to state his judgment as to the plaintiff's conduct, and it is not pretended that anything the plaintiff may have done prevented the defendant, or any one else from attending the sale, or purchasing the stock.

The last exception relates to the action of the Court upon the prayers. The plaintiff's second prayer asserted a sound legal principle, and he was entitled to a verdict if the jury found the facts therein stated. The doctrine upon which the instruction rests is abundantly supported by authority. *Sands v. Taylor*, 5 John. 395; 2 *Parsons on Contracts*, 483 and 4; *Clews* v. *Jameson*, 182 U. S. 496; *Camp* v. *Hamlin*, 55 Ga. 259; *Brownlee* v. *Bolton*, 44 Mich. 218, and other cases.

The plaintiff's third prayer was properly granted. It merely instructed the jury that if they found a verdict for the plaintiff they were at liberty to allow interest from August 4th, 1903, the day succeeding the sale, but as the jury did not allow interest the defendant has no ground to complain of the instruction.

The defendant's first, second and third prayers were properly refused. There was no legally sufficient evidence of bad faith in the making of the sale, and none that the contract had been rescinded. There was another fatal objection to both the first and second prayers of the defendant. They submitted to the jury a question of law viz.: reasonable diligence. *Ewalt* v. *Harding*, 16 Md. 170; *Boyer* v. *Turner*, 3 H. & J. 287; *Crawford* v. *Berry*, 6 G. & J. 70.

In *Ewalt* v. *Harding, supra*, it is said "That whether due diligence has been observed is a question to be decided by the Court on facts to be found by the jury."

The plaintiff's second prayer, in our opinion, submitted the whole case fairly to the jury, and, we think in view of all the testimony, most favorably to the defendant.

*Judgment affirmed, the appellant to pay the costs.*